# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ALFORINGIA MATHEWS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:11-CV-700 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Alforingia Mathews's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Motion to Vacate"). The government filed a response in opposition, and movant filed a traverse. Therefore, this matter is ready for decision. For the following reasons, movant's Motion to Vacate will be denied.

### *I. Background*

On September 24, 2008, movant was charged in a seven count indictment with: (1) motor vehicle jacking; (2) possession of a firearm in furtherance of the motor vehicle jacking; (3) obstructing commerce by attempted robbery; (4) possession of a firearm in furtherance of the attempted robbery; (5) being an unlawful user of a controlled substance in possession of a firearm, which he fired at a police officer; (6) motor vehicle jacking; and (7) possession of a firearm in furtherance of the motor vehicle jacking. The charges arose out of a series of crimes dating from to April 23, 2007 to August 12, 2008.

The Federal Public Defenders' Office was appointed to represent movant.[1] On October 30, 2008, movant's counsel filed a motion to suppress evidence, which movant later withdrew on November 20, 2008.

In December 2008, the parties reached a plea agreement, under which movant agreed to plead guilty to two of the charges against him, Counts Two and Seven. Movant signed a written Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement") on December 23, 2008. Under the Plea Agreement, the parties agreed to the following recommendations under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"): (a) that the Guidelines sentence as to Count Two is five years, consecutive to all other sentences; and (b) that the Guidelines sentence as to Count Seven is 25 years, consecutive to all other sentences. The parties recommended that no special offense characteristics or adjustments apply See Plea Agreement at 7-8. According to the Plea Agreement, "Defendant understands and recommends that, by pleading guilty to Counts Two and Seven, he will receive a sentence of imprisonment of not less than 30 years and not more than life." Id. at 9 and 14. The parties further acknowledged that the Court was not bound by these recommendations, and its refusal to follow the parties' recommendations could not serve as a basis for movant to withdraw his plea.

It is noted in the Plea Agreement that the defendant had offered to assist the government in an ongoing investigation, but that he had not provided substantial assistance as of the date the Plea Agreement was signed. "At or near the time of sentencing, the Government alone will determine whether defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Sentencing Guidelines §5K1.1 ir 18 U.S.C. §3553, or both." Id. at 7.

---

[1]Attorney Lucy Liggett initially appeared on movant's behalf. On October 3, 2008, attorney Kevin Curran was substituted as counsel for movant.

As for Criminal History, the Plea Agreement states that the determination of movant's Criminal History Category "shall be left to the Court after it reviews the Presentence Report. . . . Both parties retain their right to challenge, before sentencing, the findings in the Presentence Report as to [movant]'s criminal history and the applicable Criminal History Category." Id. at 9.

With regard to representation, under the Plea Agreement movant agreed that he was "fully satisfied with the representation he received from his defense counsel," and that movant had "reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel." Id. at 17. The Plea Agreement provides that "no person has, directly or indirectly, threatened or coerced [movant] to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty." Id. at 17.

On December 23, 2008, movant appeared with counsel before this Court and pleaded guilty as charged to Counts Two and Seven. Movant took an oath to tell the truth and was asked several questions, the purpose of which was to establish the voluntariness of his plea. Specifically, movant was asked his age, the extent of his education, whether he was under the influence of alcohol or any drug, and whether he suffered from any mental disease or defect. See Hearing Transcript at 2-3. Movant gave appropriate responses to all the questions asked. The Court asked the government to provide information regarding the range of punishment movant was facing by entering a plea of guilty. Movant was advised of the charges to which he was pleading guilty and the maximum punishment:

> The penalties for Count Two are imprisonment of not less than five years and not more than life, consecutive to all other sentence, or a fine of not more than $250,000 or both. The Court may also impose a period of supervised release of not more than five years. That mandatory minimum sentence of five years is consecutive to all other sentences set forth in 18 U.S.C. section 924 (c)(1)(A)(i).

3

> As to Count Seven, . . ., the mandatory minimum sentence is 25 years and not more then life, consecutive to all other sentences, or a fine of not more than $250,000 or both. The Court may also impose a period of supervised release of not more than five years, and a mandatory minimum sentence of to Count Seven as set forth in 18 United States Code, Section 924(c)(1)(C)(i).

Id. at 3-4. Movant stated under oath that he understood the charges and the range of punishment. After the prosecution presented the facts that would be proven at trial, the Court asked movant whether any threats or promises had been made to him to secure his plea:

> THE COURT: How about that, Mr. Mathews, any threats or promises beyond what's in this plea agreement you signed to get you to plead guilty?
>
> THE DEFENDANT: Just lesser time, that's all.
>
> MR. CURRAN: Judge, that's pursuant to -- Judge, on page 7.
>
> THE COURT: I see cooperation is part of the agreement?
>
> MR. CURRAN: Yes, and that's been the discussions regarding that, page 7, paragraph 10.
>
> THE COURT: That's what you're referring to, Mr. Mathews?
>
> THE DEFENDANT: As far as me – as far as me filing my motion, I mean waiving my motions, it supposed to went down to 25. I mean, I –I mean, I want to go to trial. I want to go to trial. I want to go to trial.

Id. at 8-9.

After Mathews conferred with his attorney off the record, the hearing continued:

> THE DEFENDANT: I want to continue my plea.
>
> THE COURT: Very well. I think I was at the point asking you – we were talking about any threats or promises, and you were mentioning that there was a cooperation promise where your time could get down to 25 years or somewhere or perhaps better depending upon the circumstances, which neither one of us are aware of at this time. But beyond that are there any threats or promises beyond that to get you to plead guilty?
>
> THE DEFENDANT: No, sir.

>    THE COURT: Are you pleading guilty because you are, in fact, guilty, you did commit these offenses?
>
>    THE DEFENDANT: Yes, sir.
>
>    THE COURT: How do you plead?
>
>    THE DEFENDANT: Guilty.

Id. at 9. The Court accepted movant's guilty plea, the matter was set for sentencing, and a Presentence Investigation Report ("PSR") was ordered.

The undersigned held a sentencing hearing on June 9, 2009. Prior to the hearing, movant wrote a number of letters to the undersigned, in which he stated that he had been lied to by his attorney regarding the sentence he would receive if he pleaded guilty. At the June 9, 2009 hearing, the Court was informed that movant wished to withdraw his plea, and that he wanted to discharge his attorney. Movant stated that he had been tricked by his attorney in regard to the Plea Agreement, and that he would never have agreed to a plea agreement for thirty years. The Court reminded movant that at the change of plea hearing he was informed of the range of punishment, and he swore under oath that he understood it. The Court also reminded movant that he asked at the change of plea hearing whether there were any threats or promises made causing him to plea guilty, and he had replied no. After hearing arguments from counsel and allowing movant to be heard, the Court denied movant's motion to withdraw his plea.

Movant and his counsel were given the opportunity to object to the PSR, and neither voiced an objection. The prosecution then moved for a § 5K1.1 downward departure as to Count Two. The undersigned accepted the downward departure and sentenced movant to a term of imprisonment of

zero months on Count Two, and 300 months on Counts Seven, for an aggregate term of 300 months imprisonment, followed by three (3) years of supervised release.

On June 18, 2009, movant's attorney filed a motion to withdraw as counsel. On the same day, he filed a notice of appeal and a brief under Anders v. California, 386 U.S. 738 (1967), on movant's behalf. Movant's counsel's motion to withdraw was granted and movant was appointed new counsel. Movant's appeal was submitted to the Eighth Circuit Court of Appeals on the record of the district court. Movant appealed this Court's denial of his request to withdraw his plea, arguing that his plea was the product of false promises from his attorney. Following de novo review, the Eighth Circuit Court of Appeals found movant's plea was knowing and voluntary, and on April 13, 2010, the Court of Appeals affirmed the judgment of the district court. United States v. Mathews, 372 Fed. Appx.665 (8th Cir. Apr. 13, 2010). On June 2, 2010, movant filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on October 4, 2010.

On April 15, 2011, movant filed his pro se Motion to Vacate using a form provided by the State of Missouri. In Paragraph 8 of movant's post-conviction motion, movant was directed to state concisely all claims known by him for vacating his conviction and sentence. Movant wrote:

> In-effective assistance of counsel
> Over zealous Prosecution; and Federal Agents
> There was never any weapons involved in this crime
> Unreasonable sentence; and Counsel lied to me about plea agreement/plus failed to investigate witnesses

See Doc. 1 at 2. In Paragraph 9, movant was directed to set forth all facts supporting each of his claims. Movant wrote:

> Mr. Kevin Caren [sic] was very un-professional, and rude to me on serval [sic] occassions [sic]. His behavior was surprising to me and my family. Mr. Kevin Caren [sic] failed to investigate this case. The plea bargain papers I signed under extreme duress had 150 months (15 years). I never displayed a weapon. The victim Ciara

6

> Little stated that she was forced to come testify by the federal agents; and the
> Prosecutor. (They threatened to take her kids if she didn't come to court.)

Id. at 9. The Court agrees with the government that movant appears to be asserting the following four grounds for relief:

> Ground One: Movant received ineffective assistance of counsel because his counsel was unprofessional and rude, failed to investigate the case, failed to prepare for trial and lied to movant about the Plea Agreement;
>
> Ground Two: Movant was subjected to prosecutorial misconduct because the prosecutor and federal agents forced one of the victims to testify and threatened to take her kids if she did not come to court;

Ground Three: There was insufficient evidence to support the crimes because movant never displayed a weapon; and

> Ground Four: Movant received an unreasonable sentence in that the Plea Agreement signed by movant set forth a 150-month or 15-year sentence.

For the following reasons, movant's claims are without merit.

## *II. Legal Standard*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

7

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

### III. Discussion

#### A. Ineffective Assistance of Counsel.

In what the Court has labeled Ground One, movant asserts that his counsel was ineffective in that he was unprofessional and rude, failed to investigate the case, failed to prepare for trial and lied to movant about the Plea Agreement. "To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A court may address the two prongs of the Strickland test in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address

the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

### 1.     Unprofessional and Rude

Movant asserts that his attorney was unprofessional and rude. Movant, however, does not provide any specifics as to how he was unprofessional and rude, and how his attorney's conduct amounted to ineffective assistance of counsel. Conclusory allegations, such as movant's, are insufficient to support a claim for ineffective assistance of counsel. Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence). Furthermore, movant has not demonstrated how the outcome of his proceedings would have been different had his counsel not been unprofessional and rude.

### 2.     Failure to Investigate and Prepare for Trial

Movant also faults his counsel for failing to investigate his case and to prepare for trial. Again, movant provides no details regarding his counsel's conduct. For example, movant does not allege what he believes his attorney should have done with respect to investigating his case. Movant's conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. Bryson, 268 F.3d at 562; Estes, 883 F.2d at 647. What his more, movant has not shown how he was prejudiced by his attorney's supposed failure to investigate his case.

As for movant's claim that his attorney was ineffective for failing to prepare to go to trial, movant entered a plea of guilty and, therefore, there was no trial requiring preparation. Movant's counsel should not have been expected to prepare for a nonexistent trial . Under the facts of this

9

case, where movant entered a plea of guilty, movant could have been prejudiced by a lack of trial preparation.

### 3. Lies about the Plea Agreement

Finally, in support of his claim of ineffective assistance of counsel, movant asserts that his attorney was ineffective because he lied to him about the terms of the Plea Agreement. It would appear that movant believes that his attorney told him that he would get a 15-year sentence, as a opposed to the 25-year sentence he received.

Defendants' Sixth Amendment right to counsel extends to the plea-bargaining process. Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012). See also Missouri v. Frye, 132 S.Ct. 1399 (2012), Padilla v . Kentucky, 559 U.S. 356 (2010), and Hill v. Lockhart, 474 U.S. 52, 58 (1985). During plea negotiations defendants are "entitled to the effective assistance of competent counsel." Lafler, 132 S.Ct. at 1384 (citing to McMann v. Richardson, 397 U.S. 759, 771 (1970)). The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill, 474 U.S. at 58. To satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. In other words, "a defendant must show the outcome of the plea process would have been different with competent advice." Lafler, 132 S.Ct. at 1384.

The Court finds there is no evidence in the record to establish that plaintiff's counsel lied to him about the terms of the Plea Agreement. A review of the record establishes that plaintiff understood the terms of the Plea Agreement and the penalty he was facing. At the change of plea hearing, the prosecutor set forth the penalties for the two counts to which movant was entering a guilty plea, which were five years for Count Two and 25 years for Count Seven, to be served

10

consecutively. See Plea Transcript at 3-4. The Court asked movant whether he understood the range of punishment. Movant indicated that he did. Id. at 4. The Court later asked movant whether any threats or promises had been made beyond what was contained in the Plea Agreement. Movant replied, "Just lesser time, that's all." Id. at 8. Movant explained, "As far as me – as far as me filing my motion, I mean waiving my motions, it supposed to went down to 25." Id.

There is no evidence that movant's counsel lied to him about the time movant was facing by entering a guilty plea under the Plea Agreement. It is clear from the record that movant understood the basic terms of the Plea Agreement, in that he was facing 30 years, but that his sentence likely would be reduced to 25 years at sentencing, which it was. Furthermore, movant's plea was found to be knowing, intelligent and voluntary by the Eighth Circuit Court of Appeals. But even if counsel had lied about the Plea Agreement, movant has failed to establish prejudice for his claim. Movant has not show that had counsel not lied to him, he would not have entered a plea of guilty but would have insisted instead on proceeding to trial. Hill, 474 U.S. at 59.

In sum, movant has not established a claim of ineffective assistance of counsel. There is nothing in the record to suggest that the performance of movant's attorney was constitutionally deficient, or that he was prejudiced by the conduct of his attorney.

### B. Prosecutorial Misconduct

In what the Court has labeled Ground Two, movant asserts that he was subjected to prosecutorial misconduct in that the prosecutor and federal agents forced one of the victims, Ciara Little, to testify and threatened to take her kids if she did not come to court. The Court finds movant's claim is procedurally barred and without merit.

If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 165 (1982); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt." Id. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998).

"Cause" under the cause and prejudice test "must be something external to the [movant], something that cannot fairly be attributed to him," for example, a showing that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance with the procedural rule impracticable. Stanley v. Lockhart, 941 F.2d 707, 709 (8th Cir. 1991) (citing Coleman v. Thompson, 501 U.S. 722 (1991)); see also Greer v. Minnesota, 493 F.3d 952, 957-58 (8th Cir. 2007). Movant does not make a claim of actual innocence and he has not

attempted to show cause for his failure to raise the claim in Ground Two on direct appeal. Therefore, the claim is procedurally barred.

But even if the Court were to review the claim on the merits, it would be dismissed. Ciara Little did not testify in these proceedings. Movant waived his right to an evidentiary hearing, and movant entered a plea of guilty, therefore there was no trial. There are simply no facts to support movant's claim. Movant's claim of prosecutorial misconduct is without merit.

### C. Insufficient Evidence

In what the Court has labeled as Ground Three, movant claims there was insufficient evidence against him in that he never displayed a weapon during any of the crimes for which he was charged. Again, this claim is barred because it could have been raised on appeal, and movant has not shown cause to lift the bar. See Frady, 456 U.S. at 165; Matthews, 114 F.3d at 113. Movant also waived the right to raise this claim in a habeas proceeding by signing the Plea Agreement. In the Plea Agreement, movant agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing." See Plea Agreement at 5. "A defendant may waive the right to seek collateral relief under § 2255." Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011). The Court finds movant waived his right to bring a claim of insufficient evidence. Chesney v. United States, 367 F.3d 1055, 1057-58 (8th Cir. 2004) (upholding waiver of right to appeal found in plea agreement); United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001) (entry of guilty plea forecloses all pre-plea, non-jurisdictional attacks on conviction, including prosecutorial misconduct).

That said, the Court finds movant's claim is without merit because movant admitted at the change of plea hearing that he did possess a firearm with respect to Counts Two and Seven. At the change of plea hearing, the Court asked the government to set forth its evidence had this matter gone to trial. See Hearing Transcript at 4. The government responded, in relevant part, as follows:

> On April 23, 2007, victim C.F. was parking his car at 2946 James Cool Papa Bell Avenue in North St. Louis City, within the Eastern District of Missouri.... As C.F.'s passenger exited the car, defendant slid into the front passenger seat. Defendant pointed a firearm at C.F. with the intent to cause death or serious bodily harm to C.F. Defendant demanded that C.F. give up his car. C.F. was intimidated and feared that defendant would shoot him with the firearm. By force and violence defendant took C.F.'s car. C.F. ran from his car and watched as defendant drove away in C.F.'s car. ... The police prepared a photo spread including the defendant. When C.F. viewed the photo spread, he immediately and positively identified defendant as the subject who car jacked him at gunpoint.
>
> On August 12, 2008, victim J.C. was riding a motor scooter in the area of 1200 North Garrison Avenue in North St. Louis City, within the Eastern District of Missouri.... As J.C. slowed to turn a corner, defendant and two other subjects approached the motor scooter. Defendant stood in front of the motor scooter and held the handlebars to prevent J.C. from leaving the area. Defendant displayed a firearm with the intent to cause death or serious bodily harm to J.C. Defendant ordered J.C. to get off the motor scooter. Defendant then warned if you call the police, I will pop you. J.C. was intimidated and feared defendant would shoot him with the firearm. ... The officers placed defendant in a live lineup. When J.C. viewed the live lineup, he immediately and positively identified the defendant as the subject who took his motor scooter at gunpoint.

Id. at 5-7. After the government's counsel concluded his recitation of the facts, the Court asked movant "Is that what happened, Mr. Mathews?" Movant responded, "Yes, sir." Id. at 7. Later, the Court asked movant "Are you pleading guilty because you are, in fact, guilty, you did commit these offenses?" Movant responded, "Yes, sir." Id. at 9. Movant admitted under oath that he used a firearm in the motor vehicle jackings of victims C.F. and J.C. Movant's sworn statements before a court "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997). In addition, it was

stipulated in the Plea Agreement that on April 23, 2007, movant pointed a firearm at victim C.F. while taking his car, and that on August 12, 2008, movant displayed a firearm with the intent to cause death or serious harm to victim J.C.. while he was stealing the victim's motor scooter. Movant's claim that firearms were not involved in the crimes to which he pleaded guilty is without merit and should be denied.

### D. The Court Did Not Error in Sentencing.

In what the Court has labeled Ground Four, movant argues that he is entitled to relief in that the Plea Agreement he signed set forth a 150 month or 15 year sentence.[2]  This claim is also barred because it could have been raised on appeal, and movant waived his right to raise this claim in a habeas proceeding.  See Frady, 456 U.S. at 165; Ackerland, 633 F.3d at 701.  But even if the Court were to review the claim on the merits, it would be dismissed because movant is mistaken as to the facts.  The Plea Agreement provided that movant was pleading guilty to a mandatory minimum sentence of five years with respect to Count Two ,and 25 years with respect to Count Seven, which were to run consecutively, for a total of 30 years.  The Plea Agreement also provided that the government might file for an unspecified § 5K1.1 downward departure if it were to determine that movant provided substantial assistance, which the government did. Nowhere in the Plea Agreement signed by movant did it indicate that he would receive either a 150-month sentence or a 15-year sentence.  The Court sentenced movant to 25 years, which was based on the Plea Agreement and the government's motion for a § 5K1.1 downward departure.

### *IV. Conclusion*

---

[2]As the government noted in its response, 150 months amounts to 12.5 years, not 15 years.

In his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, movant has failed to raise a meritorious and cognizable claim. In Ground One, movant has raised claims of ineffective assistance of counsel. The claims are without merit because movant has not shown his counsel's performance was constitutionally defective or that he suffered prejudice. The claims in Ground Two, Three, and Four of prosecutorial misconduct, insufficient evidence, and unreasonable sentence are procedurally barred because the claims should have been raised on appeal or movant waived his right to raise these claims in a § 2255 motion to vacate by signing the Plea Agreement. Moreover, the Court finds the claims are without merit.

Accordingly,

**IT IS HEREBY ORDERED** that movant Alforingia Mathews's motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED.** [Doc. 1].

**IT IS FURTHER ORDERED** that movant Alforingia Mathews has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 332, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of July, 2014.